NO. 07-08-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 4, 2009
_____

TAMRA BECK HIGDON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,261-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Tamra Higdon[1] brings this appeal from her conviction, founded on her open plea of guilty to the offense of theft under $1500, and the assessment of punishment at confinement in a state jail facility for eighteen months. Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, we affirm the trial court's judgment.

---

[1] Appellant's name is spelled "Tamara" in the trial court's judgment. However, the record of the proceeding in this case clearly indicates appellant's name is spelled "Tamra."

By a February 2008 indictment, appellant was charged with theft under $1500.[2]  The indictment included appellant's two prior theft convictions.  In July 2008, appellant entered into an open plea of guilt to the offense as charged in the indictment.  Her plea of guilty was supported by a written judicial confession, which she orally reaffirmed to the trial court.

Following appellant's plea, the trial court admonished appellant, orally and in writing, that on her guilty plea, she faced a sentence within the range of punishment described by law, specifically a period of not less than 180 days nor more than two years and a fine not to exceed $10,000. Appellant waived her constitutional and statutory rights, including her right to have a jury determine her punishment.  During the punishment hearing, the State presented the two prior judgments concerning appellant's previous theft convictions.  Appellant presented the testimony of her brother, in which he stated his belief she would be a good candidate for probation. Appellant  testified on her own behalf, indicating her desire to be placed on probation and stating she completed her previous probation "perfectly."  The court found appellant guilty, found the two prior convictions true, and assessed punishment at confinement in a state jail facility for eighteen months.

Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008), in which he certifies that he has carefully reviewed the record and, in his professional opinion, under

---

[2] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon 2007).  This is a state jail felony punishable by any term of not more than two years or less than 180 days.  Tex. Penal Code Ann. § 12.35(a) (Vernon 2007).

the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. Counsel's brief discusses the procedural history of the case and contains a detailed recitation of the facts and evidence produced at the punishment hearing. Counsel identifies two potential appellate issues, but discusses the applicable law and concludes neither of the issues involves a meritorious argument that can be made in good faith. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we must remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

As appellate counsel's first potential point of error, he points us to possible error in assessing appellant's punishment at eighteen months of confinement. Punishment is within the sound discretion of the trial court and, as a general rule, as long as a sentence is within the statutory range of punishment and has a factual basis in the record, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Nunez*

*v. State,* 565 S.W.2d 536 (Tex.Crim.App. 1978). The sentence is well within the permissible range. Like counsel, we see no arguably meritorious contention on this point.

Counsel's second point of possible error relates to ineffective assistance of trial counsel. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). We agree with counsel that the record raises no arguably meritorious issue on this point.

Our review convinces us that appellate counsel conducted a thorough and complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 :.Ed.2d 300 (1988); *Stafford*, 813 S.W.2d at 511. We agree with counsel it presents no meritorious issue which would support an appeal. Accordingly, we grant counsel's motion to withdraw[3] and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.